UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD C. BANK,<br><br>                           *Plaintiff*,<br><br>      -against-<br><br>GOHEALTH, LLC,<br><br>                           *Defendant*. | **COMPLAINT**<br><br>Case 1:19-cv-5459 |

## INTRODUCTION

1. Plaintiff, Todd C. Bank ("Bank"), brings this action for violations of a federal statute and a New York statute: respectively, the Telephone Consumer Protection Act, 47 U.S.C. Section 227 ("TCPA"), and New York General Business Law ("GBL") Section 399-p.

2. Bank brings this action individually.

3. Bank intends to seek to represent a class of all other persons who would be members, as described below, of the "Federal Class."

4. Bank intends to seek to represent a class of all other persons who would be members, as described below, of the "New York Class."

5. The claims of the putative members of the Federal Class arose during the period beginning four years prior to the commencement of this action until the date of such commencement (the "Federal Class Period").

6. The claims of the putative members of the New York Class arose during the period beginning three years prior to the commencement of this action until the date of such commencement (the "New York Class Period").

7. Bank, individually and on behalf of the other putative members of the Federal Class, statutory damages, seeks injunctive relief, and costs and disbursements.

8. Bank, individually and on behalf of the other putative members of the New York Class, seeks statutory damages, injunctive relief, reasonable legal fees, and costs and disbursements.

9. The term "person," as used in this Complaint, incorporates the definition of "person" provided in 1 U.S.C. Section 1.

## PARTIES

10. Bank is a resident of the Eastern District of New York.

11. Defendant, GoHealth, LLC ("GoHealth"), is a limited-liability company organized and existing under the laws of Delaware, and has a principal place of business at 214 W. Huron Street, Chicago, Illinois 60654.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over the federal-law claims under 28 U.S.C. Section 1331.

13. This Court has jurisdiction over the state-law claims under 28 U.S.C. Section 1367(a).

14. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(2).

## FACTS

15. During the Federal Class Period, GoHealth initiated, to residential telephones lines and to telephone numbers assigned to a cellular telephone service, numerous telephone calls using a prerecorded voice to deliver a message for the purpose of encouraging the purchase of a service provided by GoHealth (the "GoHealth Telephone Calls").

16. During the New York Class Period, GoHealth made, to telephone numbers with an area code of 212, 315, 332, 347, 516, 518, 585, 607, 631, 646, 680, 716, 718, 845, 914, 917, 929, or 934 ("New York Telephone Numbers"), numerous GoHealth Telephone Calls (the "New

York Telephone Calls").

17. The persons on whose behalf this Complaint asserts claims in connection with the GoHealth Telephone Calls are the putative members of the Federal Class.

18. The persons on whose behalf this Complaint asserts claims in connection with the New York Telephone Calls are the putative members of the New York Class.

19. On August 19, 2019, Bank, while located in the Eastern District of New York, received, on his residential telephone line, a New York Telephone Call ("Bank's Call").

20. The GoHealth Telephone Calls were not preceded by the written consent of anyone who had the legal authority to provide such consent.

21. On August 19, 2019, Bank, while located in the Eastern District of New York, received, on his residential telephone line, a New York Telephone Call ("Bank's Call").

22. The voice that Bank heard when answering Bank's Call sounded robotic.

23. None of the material that Bank heard when answering Bank's Call indicated that the caller had any idea who Bank was nor that Bank was the person who answered the call.

24. Bank tried to engage in conversation with the voice that Bank heard when answering Bank's Call, but the voice never responded to Bank's attempts.

25. The New York Telephone Calls were made with equipment that was capable of storing telephone numbers to be called and that was used, either alone or in conjunction with other equipment, to disseminate a prerecorded message to the telephone numbers that were called without the use of an operator.

26. The Prerecorded Material of the New York Telephone Calls (the "New York Prerecorded Material") did not state the name of the person on whose behalf the New York Telephone Calls were placed.

27. The New York Prerecorded Material did not state the address of the person on

3

whose behalf the New York Telephone Calls were placed.

28. The New York Prerecorded Material did not state the telephone number of the person on whose behalf the New York Telephone Calls were placed.

**FIRST CAUSE OF ACTION**

29. Bank repeats and re-alleges, and incorporates herein, each and every allegation contained in paragraphs "1" through "28" inclusive of this Complaint as if fully set forth herein.

30. GoHealth violated 47 U.S.C. Section 227(b)(1) with respect to Bank and the other putative members of the Federal Class.

31. Bank and the other putative members of the Federal Class are entitled to an Order, pursuant to 47 U.S.C. Section 227(b)(3)(A), enjoining GoHealth from violating 47 U.S.C. Section 227(b)(1).

32. Bank and the other putative members of the Federal Class are entitled to statutory damages of $500 per violation pursuant to 47 U.S.C. Section 227(b)(3)(B).

33. In the event that GoHealth willfully or knowingly violated 47 U.S.C. Section 227(b)(1), Bank and the other putative members of the Federal Class are entitled to up an additional $1,000 per violation pursuant to 47 U.S.C. Section 227(b)(3)(C).

**SECOND CAUSE OF ACTION**

34. Bank repeats and re-alleges, and incorporates herein, each and every allegation contained in paragraphs "1" through "28" inclusive of this Complaint as if fully set forth herein.

35. GoHealth violated GBL Section 399-p(3)(a) with respect to Bank and the other putative members of the Federal Class.

36. Bank and the other putative members of the New York Class are entitled to an Order, pursuant to GBL Section 399-p(9), enjoining GoHealth from violating GBL Section 399-p(3)(a).

37. Bank and the other putative members of the New York Class are entitled to statutory damages of $50 pursuant to GBL Section 399-p(9).

38. Bank and the other putative members of the New York Class are entitled to reasonable legal fees pursuant to GBL Section 399-p(9).

**CLASS ALLEGATIONS**

39. Bank, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, brings this action individually, and as a Class Action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of: (i) the other putative members of the Federal Class; and (ii) the other putative members of the New York Class.

40. Bank believes, with respect to the Federal Class and the New York Class (the "Classes"), that there are at least hundreds of persons whose claims are similar to Bank's individual claims, and, furthermore, that Bank's individual claims are typical of the claims of the other putative members.

41. Bank would fairly and adequately protect the interests of each Class. Bank has no interests that are antagonistic to, or in conflict with, the putative members of the Classes. Indeed, Bank's interests are, for purposes of this litigation, coincident with the interests of the other putative members of the Classes.

42. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because the membership of each of the Classes would be so numerous that joinder of all of the putative members of the Classes would be impracticable, and because the damages suffered by most of the putative members of the Classes are too small to render prosecution of the claims asserted herein economically feasible on an individual basis, the expense and burden of individual litigation make it impracticable for putative members of the Classes to adequately address the wrongs complained of herein. Bank knows of no impediments

to the effective management of this action as a class action.

43. Common questions of law and fact predominate over questions that affect only individual putative members of the Federal Class. Among these questions are:

(i) whether GoHealth violated Section 227(b)(1) of the TCPA;

(ii) whether GoHealth willfully or knowingly violated Section 227(b)(1) of the TCPA;

(iii) whether the putative members of the Federal Class are entitled to injunctive relief as a result of GoHealth's violations of Section 227(b)(1) of the TCPA; and

(iv) whether the putative members of the Federal Class are entitled to damages as a result of GoHealth's violations of Section 227(b)(1) of the TCPA, and, if so, how much.

44. Common questions of law and fact predominate over questions that affect only individual putative members of the New York Class. Among these questions are:

(i) whether GoHealth violated GBL Section 399-p(3)(a);

(ii) whether the putative members of the New York Class are entitled to injunctive relief as a result of GoHealth's violations of GBL Section 399-p(3)(a);

(iii) whether the putative members of the New York Class are entitled to damages as a result of GoHealth's violations of GBL Section 399-p(3)(a); and

(iv) whether the putative members of the New York Class are entitled to reasonable legal fees as a result of GoHealth's violations of GBL Section 399-p(3)(a).

## **PRAYERS FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) Pursuant to 47 U.S.C. Section 227(b)(3)(A), an order enjoining Defendant from violating 47 U.S.C. Section 227(b)(1);

(b) Pursuant to 47 U.S.C. Section 227(b)(3)(B), statutory damages of $500 per violation of 47 U.S.C. Section 227(b)(1) for Plaintiff and the other putative members of the Federal Class;

(c) Pursuant to 47 U.S.C. Section 227(b)(3)(C), up to $1,000 of statutory damages

for Plaintiff and the other putative members of the Federal Class, in addition to the statutory damages prayed for in the preceding paragraph, if the Court finds that Defendant knowingly or willfully violated 47 U.S.C. Section 227(b)(1);

  (d) Pursuant to New York General Business Law Section 399-p(9), damages of $50 per violation of New York General Business Law Section 399-p(3)(a) for Plaintiff and the other putative members of the New York Class;

  (e) Pursuant to New York General Business Law Section 399-p(9), an order enjoining Defendant from violating New York General Business Law Section 399-p(3)(a);

  (f) Pursuant to New York General Business Law Section 399-p(9), reasonable legal fees; and

  (g) An award, to Plaintiff and the other putative members of each Class, of the costs and disbursements of this action, and such other and further relief as this Court deems just and proper.

Dated: September 25, 2019

Respectfully submitted,

 s/ *Todd C. Bank*
TODD C. BANK,
 ATTORNEY AT LAW, P.C.
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415
(718) 520-7125
By Todd C. Bank

*Counsel to Plaintiff*