MANDATE

21-1287-cv
Bank v. GoHealth, LLC

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 18th day of April, two thousand twenty-two.

Present:            DENNIS JACOBS,
                    ROSEMARY S. POOLER,
                    RICHARD C. WESLEY,
                            *Circuit Judges*.

TODD C. BANK,

                    *Plaintiff-Appellant*,

            v.                                                                          21-1287-cv

GOHEALTH, LLC,

                    *Defendant-Appellee*.

Appearing for Appellant:    Todd C. Bank, pro se, Kew Gardens, N.Y.

Appearing for Appellee:     Benjamin G. Shatz, Manatt, Phelps & Phillips, LLP (Christine M. Reilly, John W. McGuinness, *on the brief*), Los Angeles, CA.

Appeal from the United States District Court for the Eastern District of New York (Brodie, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

MANDATE ISSUED ON 05/10/2022

Todd C. Bank, an attorney proceeding pro se, appeals from the May 13, 2021 judgment of the United States District Court for the Eastern District of New York (Brodie, *J.*), dismissing Bank's second amended complaint for failure to state a claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and the New York General Business Law § 399-p and denying leave to amend as futile. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The Federal Rules of Civil Procedure mandate that "leave to amend 'shall be freely given when justice so requires.'" *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (quoting Fed. R. Civ. P. 15(a)(2)). However, a district court may in its discretion deny leave to amend "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Bensch v. Est. of Umar*, 2 F.4th 70, 81 (2d Cir. 2021) (internal quotation marks omitted). "We review a district court's denial of leave to amend for abuse of discretion, unless the denial was based on an interpretation of law, such as futility, in which case we review the legal conclusion *de novo*." *Empire Merchs., LLC v. Reliable Churchill LLLP*, 902 F.3d 132, 139 (2d Cir. 2018) (citation omitted). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012). We "consider the proposed amendments along with the remainder of the complaint, accept as true all non-conclusory factual allegations therein, and draw all reasonable inferences in plaintiff's favor to determine whether the allegations plausibly give rise to an entitlement to relief." *Id.* (internal alterations and quotation marks omitted).

Bank's primary argument on appeal is that the district court could not deny him leave to amend without first providing him an opportunity to respond to the court's assessment of the complaint's deficiencies. This contention misconstrues the extent of the district court's discretion to deny leave to amend. Although "leave to amend shall be freely given 'when justice so requires,'" *McCarthy*, 482 F.3d at 200 (quoting Fed. R. Civ. P. 15(a)(2)), it is granted as a matter of right only in limited circumstances, neither of which is present here, *see* Fed. R. Civ. P. 15(a)(1)(A), (B). Therefore, the district court had discretion as to grant leave to amend. While leave to amend is the "usual practice" and "refusal to grant leave must be based on a valid ground," *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999), futility is one such ground, *McCarthy*, 482 F.3d at 200, regardless of whether the district court had provided feedback on Bank's complaint. Instead, "where the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied." *Hayden*, 180 F.3d at 53.

Bank failed to demonstrate that a third amended complaint would survive dismissal. First, the prior amendments were filed after he reviewed GoHealth's arguments concerning his pleading deficiencies. And although Bank incorporated substantially more factual allegations into his first amended complaint, the district court still held that he failed to establish a TCPA claim, which he does not challenge on appeal. Even if Bank had not thus waived that issue, Bank has not provided any new allegations that he wishes to plead in a third amended complaint to address those deficiencies. "A plaintiff need not be given leave to amend if [he] fails to specify either to the district court or to the court of appeals how amendment would cure the pleading deficiencies in [his] complaint." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014).

2

Bank repeatedly asserts that he did not know he needed to suggest any additional facts that would cure the existing pleading's deficiencies or to identify those additional facts in his briefing on the motion to dismiss.[1] This argument is unpersuasive. Bank is an experienced lawyer who has filed multiple complaints raising TCPA claims, including *Bank v. Vivint Solar, Inc.*, No. 18-CV-2555, 2019 WL 1306064 (E.D.N.Y. Mar. 22, 2019). In that case, cited by both parties here, his request for leave to amend in opposition to the motion to dismiss indicated that he understood how to include new factual allegations when requesting leave to amend. *Id.* at *7. Here, by contrast, because Bank has not offered any new factual allegations or legal theories that would cure the existing complaint's deficiencies if so amended, we affirm the district court's denial of leave to amend.

We have considered the remainder of Bank's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

[1] In his objection to the R&R, Bank claimed that he could not submit a proposed amended complaint because the R&R had to be "judged on the record as it appeared before [the magistrate judge]," and any additional facts "would be outside the proper scope" for his objection. He also claimed that if the district court granted him leave to amend, he would file a proposed amended complaint that "the [c]ourt could review . . . for its sufficiency" and "accept or reject it accordingly." However, Bank could have provided such information in his opposition to the motion to dismiss, or in briefing on appeal.

3